WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J&N Agency LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>National Superior Express Limited, et al.,<br><br>　　　　　Defendants. | No. CV-19-05691-PHX-ROS<br><br>**ORDER** |

　　　　Plaintiff J&N Agency LLC ("J&N") leased a $25,000 printer from a company in New Jersey. Defendant National Superior Express, Ltd. ("NSE") transported the printer from New Jersey to Arizona. J&N alleges the printer was damaged in transport and brings claims under the Carmack Amendment and a theory of negligence against both the carrier, NSE, and the shipper who packaged the printer, Defendant Pedowitz Machinery Movers of N.J., Inc. ("Pedowitz"). Pedowitz now moves for summary judgment on both claims J&N alleged. J&N separately moves for summary judgment on the Carmack Amendment claim against NSE. For the reasons set forth below, Pedowitz and J&N's motions will both be granted.

## BACKGROUND

　　　　Unless otherwise noted, the following facts are undisputed. In November 2018, J&N leased an industrial printer (the "Printer") used to print large signs from a company known as Geneva Capital. (Docs. 41 at 2; 55 at 1). J&N then arranged, through a third-party, Frieghtquote.com, Inc. ("Freightquote"), for Pedowitz to package the Printer and NSE to

1  transport the Printer from New Jersey to Arizona. (Docs. 41 at 2; 55 at 1). On November 20, 2018, Pedowitz brought the Printer, undamaged, from its original location to Pedowitz's warehouse in New Jersey where it was photographed, packaged, and loaded onto a skid. (Docs. 41 at 3; 55 at 2).

The events surrounding the transfer of the Printer from Pedowitz to NSE are partially disputed. On December 3, 2018, NSE's driver, Ismael Guardado picked up the undamaged Printer from Pedowitz's warehouse. (Docs. 55 at 2; 41 at 3). Bruce Fozman, a Pedowitz employee, loaded the Printer into NSE's truck and took photographs. (Doc. 41 at 3). Fozman says he twice advised Guardado, and Guardado twice refused, to strap down the Printer within the truck. (Doc. 41 at 3). NSE states that Guardado will testify contrary to Fozman's Affidavit (Doc. 55-1 at Ex. 5) but does not include any such testimony in the record. (Doc. 58 at 2). NSE's Safety Manager Dorothy Kawula says the Printer was "secure within the oversized pallet" and "did not need to be secured within the trailer;" instead, Kawula claims the Printer was "incorrectly placed on the pallet." (Doc. 68-1 at 1–2). NSE insists that the Printer should have been "secured to the pallet, before being loaded onto NSE's truck." (Doc. 58 at 2).

On December 10, 2018, the Printer arrived in Arizona severely damaged, rendering the Printer unusable. (Docs. 41 at 4; 55 at 3). Initially, J&N sought to return the damaged printer, but the return attempt failed. (Doc. 55 at 3). In May 2019, J&N notified Freightquote the Printer had been damaged in transit. (Doc. 55 at 3). On July 31, 2019, Freightquote sent NSE a "Standard Form for Presentation of Loss Claim and Damage." (Doc. 55 at 3). The parties do not disclose any additional interactions before J&N filed this lawsuit.

On November 26, 2019, J&N filed a complaint against NSE alleging NSE's liability for damage to the Printer under the Carmack Amendment, 49 U.S.C. § 14706. (Doc. 1 at 4–5). After filing an answer, NSE stated at a scheduling conference on March 20, 2020, that NSE had not settled the case because it intended to name a non-party at fault. (Doc. 19). The Court ordered NSE to name the non-party at fault by March 23, 2020 and J&N to

amend its complaint to add the non-party by March 27, 2020.[1] (Doc. 19). The parties complied and J&N filed its First Amended Complaint adding Pedowitz as a defendant. (Doc. 22). The Amended Complaint alleged NSE and Pedowitz were liable under both the Carmack Amendment and a theory of negligence. (Doc. 22 at 5).

On July 2, 2020, Pedowitz filed a motion for summary judgment against J&N for the Carmack Amendment claim and the negligence claim. (Doc. 40).

On July 15, 2020, J&N separately filed a motion for summary judgment against NSE solely on the claim under the Carmack Amendment. (Doc. 50).

## LEGAL STANDARD

The moving party is entitled to summary judgment if the evidence, viewed in the light most favorable to the non-moving party, shows "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004); *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998). At summary judgment, the court cannot weigh the evidence nor make credibility determinations. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1035 (9th Cir. 2005). The moving party initially bears the burden of proving the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25 (1986). To do so, "[t]he moving party must either produce evidence negating an essential element of the non-moving party's claim or defense or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the non-moving party to demonstrate the existence of a factual dispute that might affect the outcome of the suit. *Saddiq v. Trinity Servs. Grp.*, 198 F. Supp. 3d 1051, 1055 (D. Ariz. 2016). Non-movants "must show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in his favor." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009)

---

[1] It is unclear why J&N was ordered to amend its complaint to include the non-party. Subsequent events would show that J&N does not, in fact, believe that the non-party should be held liable for damaging the printer.

(emphasis in original) (citing *Anderson v. Liberty Lobby*, 447 U.S. 242, 257 (1986). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *Id.* (citing *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007)).

Regarding the evidence, the district court "need consider only the cited materials." Fed. R. Civ. P 56(c)(3). Thus, "where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found" "[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact." *Wyatt Tech. Corp. v. Smithson*, 345 F. App'x 236, 239 (9th Cir. 2009) (quoting *Carmen v. San Fran. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001)). That said, the district court may consider materials in the record not cited by the parties. Fed. R. Civ. P 56(c)(3).

## ANALYSIS

### I. NSE'S LIABILITY

All parties agree the Carmack Amendment, 49 U.S.C. § 14706, applies to this dispute. The Carmack Amendment governs liability for all losses, damages, or injuries to goods transported in interstate commerce. *ASARCO v. England Logistics*, 71 F. Supp. 3d 990, 994 (D. Ariz. 2014); *see also Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064, 1068 (C.D. Cal. 2002). The statute "subjects common carriers . . . transporting cargo in interstate commerce to absolute liability for actual loss or injury to property." *ASARCO* at 994. Courts interpreting the Carmack Amendment have established a burden-shifting regime where the shipper seeking to recovery must first establish a prima facie case, after which the burden shifts to the carrier to try to avoid liability. *Missouri Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964) (citations omitted). A prima facie case is established by proving three elements: "delivery [to the carrier] in good condition, arrival in damaged condition, and the amount of damages." *Id.*; *see also Alfonso v. Pasha Grp.*, 933 F.2d 1013 (9th Cir. 1991). The burden of proof then moves to "the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Missouri Pac.* at 138 (citations omitted).

The Carmack Amendment limits recovery to actual damages. 49 U.S.C. § 14706(a)(1).

A. *Carmack Amendment*

J&N moves for summary judgment against NSE under the Carmack Amendment. (Doc. 50). No party disputes that NSE is a common carrier subject to the Carmack Amendment. Thus, the initial burden is on J&N to prove a prima facie case.

J&N has shown the Printer was delivered in good condition to NSE. Evidenced by photographs and Fozman's Affidavit, the Printer was not damaged when it arrived at Pedowitz's warehouse on November 20, 2018 nor when the Printer was loaded onto NSE's truck on December 3, 2018. (Docs. 55 at 2; 55-1 at Exs. 5 at 2, A, B). NSE does not dispute these facts. J&N has established the Printer was delivered in good condition to NSE and the first element of a prima facie case is met.

J&N has shown the Printer arrived in damaged condition. Photographs in the record, as well as J&N Chief Executive Officer Joseph Bui's Declaration, show the Printer was delivered to J&N in damaged condition. (Doc. 55-1 at Exs. 9, 10). NSE does not dispute this fact. J&N has established the Printer arrived in damaged condition and the second element of a prima facie case is met.

J&N has shown the amount of damages to be $31,829.29. As a result of the damaged Printer, J&N lost the $25,000 cost of the Printer, $3,250 of rigging and packaging costs, and $3,579.29 of shipping costs. (Doc. 55 at 4).[2] NSE does not dispute these facts. J&N has established damages of $31,829.29 and the third element of a prima facie case is met.

Because J&N has shown the Printer was in good condition when delivered to NSE, the Printer was damaged upon arrival in Arizona, and the amount of damages, J&N has established a prima facie Carmack Amendment claim. Therefore, the burden shifts to NSE to try to avoid liability.

B. *Act of the Shipper*

---

[2] Shipping and handling costs are recoverable as actual damages under the Carmack Amendment. *See Contempo Metal Furniture Co. of California. v. E. Texas Motor Freight Lines*, 661 F.2d 761, 764 (9th Cir. 1981); *F. J. McCarty Co. v. S. Pac. Co.*, 428 F.2d 690, 693 (9th Cir. 1970); *see also Alitalia v. Arrow Trucking*, 977 F. Supp. 973, 978 (D. Ariz. 1997).

1    After a prima facie case is established, the burden of proof moves to "the carrier to
2    show both that it was free from negligence and that the damage to the cargo was due to one
3    of the excepted causes relieving the carrier of liability." *Missouri Pac.* at 138 (citations
4    omitted). One of those expected causes is known as the "Act of the Shipper" defense.
5    *Missouri Pac.* at 137 (citations and internal quotations omitted). NSE invokes this defense
6    and asserts the shipper, Pedowitz, improperly loaded the Printer on NSE's truck excusing
7    NSE's liability. Because this case is at summary judgment, the question is whether NSE
8    can point to evidence establishing a genuine dispute of material fact regarding this defense.
9    NSE cannot.

When improper loading is alleged, the inquiry collapses from two steps into one: which party is responsible for avoiding negligence? Drawing on tort law principles, the Fourth Circuit described this inquiry in *United States v. Savage*. 209 F.2d 442 (4th Cir. 1953), *cert. denied*, 347 U.S. 952 (1954); *see Alitalia v. Arrow Trucking*, 977 F. Supp. 973, 984 (D. Ariz. 1997); *Thousand Springs Trout Farms v. IML Freight*, 558 F.2d 539, 543 (9th Cir. 1977). When a shipper, such as Pedowitz, loads property onto the carrier's motor vehicle, a shipper is liable for latent and concealed defects, while the carrier, such as NSE, remains liable for any apparent defect. *Savage*, 209 F.2d at 445. In maintaining carrier liability for apparent defects, the *Savage* Court reasoned carriers retain responsibility when the carrier "had the last clear chance to avoid the accident." *Id.* at 447.

NSE states the Printer did not need to be "secured" because the Printer was heavy and on an oversized pallet. (Doc. 66 at 4). The only evidence provided by NSE is Kawula's Declaration, which says the printer "was secure within the oversized pallet" and the "pallet did not need to be secured within the trailer." (Doc. 68-1 at 1). NSE then argues that the damage was Pedowitz's fault because the Printer was improperly placed on thin steel beams, which caused the damage.[3] (Doc. 66 at 4). NSE points to photographs of the Printer on thin steel beams as evidence of its improper placement. (Doc. 66 at 4).

---

[3] Kawula's Declaration states that the "damage was the result of the printer being incorrectly placed on the pallet," but does not mention the thin steel beams. (Doc. 68-1 at 2). The Court finds no additional evidence in the record tending to show it was improper to place the Printer on thin steel beams.

- 6 -

On the evidence provided, a jury could not find in NSE's favor. NSE bears the burden to prove Pedowitz was responsible for improper loading. *See Savage*, 209 F.2d at 445. As a non-movant, NSE must present "*affirmative evidence* from which a jury could find in his favor." *Stefanchik*, 559 F.3d at 929. "'[C]onclusory, self-serving affidavit[s], lacking detailed facts and any supporting evidence,' are insufficient to create a genuine issue of material fact." *Hexcel Corp. v. Ineos Polymers*, 681 F.3d 1055, 1063–64 (9th Cir. 2012) (quoting *F.T.C. v. Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1997)). Here, NSE asserts the Printer was secure, both within the pallet and the trailer, but provides no affirmative evidence supporting that assertion. NSE then asserts the Printer was improperly placed on thin steel beams without evidence. Because NSE failed to meet its burden to present sufficient affirmative evidence, summary judgment for J&N will be granted.

But assuming NSE provided sufficient evidence to show the Printer did not need to be secured and the thin steel beams were improper, NSE still cannot withstand summary judgment because NSE was liable for any apparent defects in loading. Apparent defects are the responsibility of the carrier. *Savage* at 445. In the photographs that NSE points to, the thin steel beams were apparent, not latent nor concealed. (Doc. 55-1 at Exs. A, 9). The beams are visible in photographs before and after interstate transport. (Doc. 55-1 at Exs. A, 9). Because the beams were apparent, even if improper, NSE still remains liable for the defect. As such, J&N will be granted summary judgment against NSE for its Carmack Amendment claim.

### C. Negligence

J&N also asserts a negligence claim against NSE, and J&N did not move for summary judgment on this claim. Normally, the Court cannot grant summary judgment on a claim not argued without giving notice and an opportunity to respond. Fed. R. Civ. P. 56(f). However, the negligence claim fails as a matter of law such that notice would be futile. It is well-established that the Carmack Amendment preempts "any state common law action" against a common carrier. *Hartford Fire Ins. v. 3DL Design Incorporation*, No.

CV-17-02937-PHX-GMS, 2018 WL 2387930, at *3 (D. Ariz. May 25, 2018) (citing *Hughes Aircraft v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir. 1992)). As such, J&N's negligence claim against NSE will be dismissed.

## II. PEDOWITZ'S LIABILITY

### A. *Carmack Amendment*

Pedowitz moves for summary judgment on the Carmack Amendment claim. Pedowitz asserts that it is not subject to the Carmack Amendment as Pedowitz did not transport the Printer interstate. (Doc. 40 at 5–8). J&N concedes this point. (Doc. 56 at 3). Accordingly, Pedowitz will be granted summary judgment on J&N's Carmack Amendment claim.

### B. *Negligence*

As described above, state law negligence claims are preempted by the Carmack Amendment. However, even if the negligence claim against Pedowitz was not preempted, there is no evidence in the record of Pedowitz's negligence. Thus, Pedowitz will be granted summary judgment on the issue.

## III. ATTORNEY'S FEES

J&N argues for attorney's fees, costs, and expenses under Arizona Revised Statues § 12-349. Attorney's fees are not available under Arizona state law for alleged misconduct in federal district court proceedings. *In re Larry's Apartment*, 249 F.3d 832, 837-39 (9th Cir. 2001) (holding that Arizona Revised Statutes § 12-349 could not be a basis for fee award in federal court proceeding). As such, any motion seeking attorney's fees must have an alternative basis.

Accordingly,

**IT IS ORDERED** Pedowitz's Motion for Summary Judgment (Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** J&N's Motion for Summary Judgment (Doc. 50) is **GRANTED**. The parties shall confer within seven days of this Order and, if they can reach agreement, no later than **November 17, 2020**, they shall file a stipulation regarding the

amount of the judgment to be entered against NSE.  If they cannot agree, no later than **November 17, 2020**, J&N shall file a motion seeking final judgment which identifies the exact amount requested. NSE shall file its response no later than **November 24, 2020** and J&N shall file its reply no later than **December 1, 2020**.

**IT IS FURTHER ORDERED** J&N's claim against Pedowitz for Negligence (Count II) is **DISMISSED**.

Dated this 10th day of November, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge